## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 17 2015, 8:09 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Peter D. Todd
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jason M. Drinsky,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

July 17, 2015

Court of Appeals Case No.
20A03-1501-CR-7

Appeal from the Elkhart Superior
Court

The Honorable Evan S. Roberts,
Judge

Case No. 20D01-1409-F4-9

**Crone, Judge.**

# Case Summary

Jason M. Drinsky pled guilty to possessing material capable of causing bodily injury by an inmate, as a level 4 felony. The trial court sentenced Drinsky to ten years' imprisonment with four years suspended. Drinsky appeals, claiming that his sentence is inappropriate in light of the nature of the offense and his character. Concluding that Drinsky has not met his burden to show that the sentence imposed by the trial court is inappropriate, we affirm.

# Facts and Procedural History

On July 11, 2014, a law enforcement officer with the Elkhart County Sheriff's Department received information that Drinsky, an inmate at the Elkhart County Correctional Facility, was in possession of a white plastic spoon handle that had been sharpened to a point. This item is commonly known as a "shank." Appellant's App. at 80. A subsequent search revealed that Drinsky was carrying the shank in his shirt pocket. Drinsky admitted that he knowingly possessed the weapon but denied that he intended to use it to harm anyone. Instead, Drinsky claimed that he intended to give the shank to authorities but was caught with it before he could do so.

[3] The State charged Drinsky with level 4 felony possessing material capable of causing bodily injury by an inmate.[1] Drinsky pled guilty to the offense, as well as to two other pending charges. Following a sentencing hearing, the trial court imposed a ten-year sentence, with four years suspended to probation, for the current offense, to be served consecutive to the sentences imposed on the other charges. Drinsky appeals only the ten-year sentence.

## Discussion and Decision

[4] Drinsky invites this Court to reduce his ten-year sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light

---

[1] Indiana Code Section 35-44.1-3-7 provides:

> A person who knowingly or intentionally while incarcerated in a penal facility possesses a device, equipment, a chemical substance, or other material that:
>
> (1) is used; or
>
> (2) is intended to be used;
>
> in a manner that is readily capable of causing bodily injury commits a Level 5 felony. However, the offense is a Level 4 felony if the device, equipment, chemical substance, or other material is a deadly weapon.

in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). We recognize that the "principal role of appellate review should be to attempt to leaven the outliers and to identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Id.* at 1225. Indeed, "[t]he question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate: rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008).

[5] Our supreme court has stated that when considering the appropriateness of a sentence, we must consider not only the aggregate length of the sentence imposed, but also whether a portion of the sentence is ordered suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). A level 4 felony has a sentencing range between two and twelve years, with the advisory sentence being six years. Ind. Code § 35-50-2-5.5. Drinsky received a ten-year sentence with four years suspended to probation, resulting in a six-year executed sentence, the same as the level 4 felony advisory sentence.

[6] Regarding the nature of the offense, Drinsky knowingly while incarcerated possessed an item that had been fashioned into a deadly weapon: a shank. The record indicates that when the shank was discovered by authorities, Drinsky was carrying the shank concealed in his shirt pocket. Undoubtedly, having the shank in a shirt pocket and readily accessible increases the severity of the offense. Drinsky downplays his possession of the shank by claiming that he did not intend to use it to hurt anyone and that, at the time he was caught, he

was planning to give the weapon to a prison investigator whom he trusted. However, Drinsky admits that he possessed the deadly weapon for several days and, despite the opportunity to place the weapon in a prison drop-box made available to prisoners for the very purpose of disposing of contraband they do not wish to possess, Drinsky failed to do so. These facts do not convince us that a six-year executed sentence is inappropriate based upon the nature of Drinsky's crime.

[7] Regarding his character, Drinsky does not fare much better. He is clearly no stranger to conflict, violence, or our criminal justice system. Drinsky has prior class A misdemeanor convictions for domestic battery and interference with reporting a crime. He was granted the grace of probation only to then violate it. At the time Drinsky committed the current crime, he was incarcerated and facing charges of two counts of class C felony stalking and four counts of class A misdemeanor invasion of privacy. The probable cause affidavits for those charges indicate that Drinsky engaged in violent, threatening, and antisocial behavior toward his ex-wife and her boyfriend. He eventually pled guilty to one count of class D felony stalking and one count of class A misdemeanor invasion of privacy. As with his prior history, his most recent criminal history does not reflect favorably on his character. A sentence reduction is not warranted under the circumstances.

[8] Drinsky has failed to meet his burden to demonstrate that the sentence imposed by the trial court is inappropriate based upon the nature of the offense or his character. Therefore, we affirm his sentence.

[9]     Affirmed.

Brown, J., and Pyle, J., concur.